■ THEODORE A. LLOYD, Respondent, v. BERNARD L. SCHUBERT et al., Appellants, et al., Defendant. (Appeal No. 2.) — Appeal from so much of an order as denies a motion for partial summary judgment dismissing the fourth cause of action pleaded in the amended complaint and to vacate a warrant of attachment. Order, insofar as it denies the motion for partial summary judgment, affirmed, with $10 costs and disbursements. Appeal from that portion of the order which denies the motion to vacate the warrant dismissed, without costs, in view of our decision in *Lloyd* v. *Schubert* (5 A D 2d 885). Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL MALDAUS, Appellant.— Appeal (1) from a judgment of a City Magistrate sitting as a Court of Special Sessions of the City of New York, Borough of Richmond, convicting appellant of a violation of section 186 of the Sanitary Code of the City of New York (interfering with or obstructing an inspector) and sentencing him (a) to pay a fine of $50 or to serve 5 days, and (b) to serve 10 days, execution thereof being suspended on condition that an inspection of his outdoor privy be allowed on a day certain, and (2) from said sentence. Judgment reversed on the law and the facts and complaint dismissed. It appears that appellant was adjudged to be guilty in that he refused, upon constitutional grounds, to consent to an inspection without a warrant. By such conduct he did not "interfere with or obstruct" an inspector, within the meaning of said section (*District of Columbia* v. *Little*, 339 U. S. 1). No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to affirm.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM VINCENT METZ, Appellant.— Appeal (1) from a judgment of the County Court, Queens County, convicting appellant, after trial, of violating section 1694 of the Penal Law (prisoner escaping), as a felony, and sentencing him to serve from six to seven years, to be served consecutively to another sentence imposed on the same date (see *People* v. *Metz*, 5 A D 2d 886), (2) from said sentence, and (3) from any and all orders entered in connection therewith. Appellant contends that he was led to, and actually did, believe that his detention, prior to the escape, was for a misdemeanor. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence or from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM VINCENT METZ, Appellant.— Appellant was convicted in the County Court, Queens County, on his plea of guilty, of carrying a dangerous weapon and ammunition, as a felony (Penal Law, § 1897, subd. 5-a), and was sentenced to a term of from 10 to 14 years as a second felony offender. The appeal is from the judgment, the sentence, and any and all orders made in connection therewith. Appellant contends that the sentence imposed is excessive. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence or the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.